PER CURIAM.
The Florida Bar filed an eight-count complaint charging that McQuade, a member of the bar, violated numerous disciplinary rules. Although notified by both regular and certified mail,* McQuade never responded to the complaint or to the request for admissions or, indeed, anything connected with these proceedings, either in person or through counsel. After a final hearing, the referee recommends that McQuade be found guilty of violating article XI, rules 11.02(3) and (4) of the integration rule (moral conduct and trust funds) and disciplinary rules 1-102(A)(3) (illegal conduct involving moral turpitude), (A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation), (A)(5) (conduct prejudicial to the administration of justice), (A)(6) (conduct that adversely reflects on fitness to practice law), 6-101(A)(3) (neglect of a legal matter entrusted to a lawyer), and 6-102(A) (attempting to exonerate oneself or to limit one’s liability for personal malpractice). The referee also recommends that McQuade be disbarred.
Neither side has contested the referee’s report and recommendations, and, after studying this matter, we adopt the report and recommendations. Walter F. McQuade, therefore, is hereby disbarred and his name is to be stricken from the roll of attorneys licensed to practice in this state. His disbarment will be effective immediately upon the filing of this opinion. Judgment for costs in the amount of $3,400.94 is hereby entered against McQuade, for which sum let execution issue.
It is so ordered.
ADKINS, Acting C.J., and McDONALD, EHRLICH, SHAW and BARKETT, JJ., concur.

The postal service returned as unclaimed all certified mail that the bar sent to McQuade.